# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO. 2:18 CV 548-FtM-99CM

LEWIS WHITE,

      Plaintiff,

v.

HONEST & TRUE MOVING CREW, LLC
a Florida Limited Liability Company,

      Defendant.

_____/

## SETTLEMENT AND LIMITED RELEASE AGREEMENT

    **THIS AGREEMENT,** is made and entered into this 19th day of April, 2019, between HONEST & TRUE MOVING CREW, LLC (the "Company") and LEWIS WHITE ("Former Employee") (the Company and Former Employee are collectively referred to herein as the "Parties").

    WHEREAS, Former Employee filed a law suit against the Company on or about August 2018 styled *Lewis White v. Honest and True Moving Crew, LLC*, Middle District of Florida Case No. 2:18 cv 548, claiming certain overtime compensation due and owing under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA"), among other claims;

    **WHEREAS,** the Parties desire to avoid the cost and expense of litigation and have therefore agreed to settle Former Employee's claims under the terms set forth in this Agreement;

    **NOW THEREFORE,** for the good, adequate, and valuable consideration recited herein, including but not limited to the Release specified below, the Parties hereby covenant and agree as follows:

    1. Recitals: The above recitals are true and correct and are incorporated as part of this Agreement.



2.  <u>Payment and Releases</u>: (a) In exchange for the payments by the Company to Former Employee described in detail in subsection (b) of this paragraph, and other good and valuable consideration; the receipt and sufficiency of which is hereby acknowledged, Former Employee, Lewis White (including his heirs, agents, successors and assigns) hereby releases HONEST & TRUE MOVING CREW, LLC and HONEST & TRUE MOVING CREW NATIONWIDE LLC and their affiliates of every kind or nature, including, but not limited to parents, subsidiaries, successors, assigns, affiliated entities, predecessors, insurers, workers' compensation carriers, present or former attorneys, agents, employees, partners, officers, directors, and stockholders, of and from all manner of actions, suits, proceedings, and causes of action, in law or in equity, known or unknown, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, the Florida Minimum Wage Act, Fla. Stat. §448.110 *et. seq.*, and any other claims under Federal, State or local statutes, ordinances, regulations, laws, contract or common law from the beginning of the world to the day this Agreement relating or arising out of the payment or non-payment of wages, salary and/or overtime compensation.

(b) Payments to Former Employee: (i) the Company shall pay the total settlement sum of $10,000.00 (TEN THOUSAND DOLLARS AND NO CENTS); (ii) the Company will pay the settlement sum in two (2) monthly installments; (iii) the first monthly installment shall be due within twenty (20) days of the Court's approval of the settlement; (iv) the second and final monthly installment shall be due within thirty (30) days of the due date of the first monthly installment.  The First Monthly Installment shall include two (2) separate checks, both made payable to "Lewis White:" the first check shall be in the amount of One Thousand Nine Hundred Dollars and Zero Cents ($1,900.00), for wages, minus all lawful deductions, for which a W-2 shall be issued; the second check shall be in the amount of One Thousand Nine Hundred Dollars and Zero Cents ($1,900.00), for liquidated damages and sums other than wages, for which a 1099 shall be issued.  The Second and Final Month Installment shall include one (1) check made payable to Richard Celler Legal, P.A., in the amount of Six Thousand Two Hundred Dollars and Zero Cents ($6,200.00), for attorneys' fees and costs, for which a 1099 shall be issued.  (v) delivery of settlement funds shall be by hand delivery or certified mail or express delivery to Plaintiff's Counsel, Richard Celler Legal, P.A., 10368 W. SR. 84, Suite 103, <u>Davie, Florida 33324</u>.

(c)      The Parties hereby acknowledge and agree that such consideration, *i.e.*, the Payments to Former Employee in section (b), constitute the entire payment and consideration to be received by Former Employee and his attorneys from the Company with respect to the claims released herein, and that no further consideration or payment is owed to Former Employee by HONEST & TRUE MOVING CREW, LLC or HONEST & TRUE MOVING CREW NATIONWIDE LLC or any affiliate of every kind or nature of these entities.

3. <u>No Admissions</u>: The parties acknowledge and agree that any provisions contained herein shall not be construed as an admission of wrong-doing, liability, or culpability by the Company or an admission of the existence of any claims by Former Employee against the Company.

2



4. <u>Final Settlement</u>: This Agreement and Release shall constitute the complete understanding regarding the Former Employee's claim and supercedes any and all prior agreements, provisions, representations, or inducements, whether oral or written, between Former Employee and the Company regarding Former Employee's claims. No promises or agreements made subsequent to the execution of this document shall be binding unless reduced to writing and signed by the Company and Former Employee or their respective counsel.

5. <u>No Business Relationship</u>: It is further understood and agreed that Former Employee agrees to refrain from soliciting any type of business transaction with HONEST & TRUE MOVING CREW, LLC or HONEST & TRUE MOVING CREW NATIONWIDE LLC or any affiliate of these entities, including, but not limited to parents, subsidiaries, successors, assigns, including coming onto the premises of these entities or any affiliate of these entities.

6. <u>Arms-Length Negotiations</u>: Former Employee and the Company acknowledge and affirm that this Agreement and Release was negotiated at arms-length and prepared and executed voluntarily, without fraud, duress, undue influence or coercion of any kind exerted by one over the other.

7. <u>Invalid Provision to Affect No Other</u>: If any clause or provision of this document operates or would prospectively operate to invalidate it in whole or in part, then only such clause or provision shall be deemed deleted, as though not contained, and the remainder of the document shall remain valid and enforceable.

8. <u>Enforcement: Prevailing Party Fees for Enforcement; and Dismissal of Action</u>: The prevailing party in any action to enforce a provision of this agreement shall be entitled to an award of reasonable attorneys' fees and expenses.

9. <u>Survival of Provisions</u>: All covenants, acknowledgments, representations and obligations in this Agreement shall survive payment of the sum set forth above in paragraph two (2).

10. <u>Neutral Reference</u>: The Company shall provide a neutral reference which provides information only concerning Former Employee's dates of employment and last position held. If asked whether Former Employee is subject to re-hire, the Company shall state that it is its policy not to provide such information.

11. <u>Signatory Authority and Representation Regarding Translation</u>: The Company represents that the person who signs this Agreement on behalf of the corporation has been given sufficient authority to enter into this Agreement and bind it to the obligations provided herein. Former Employee represents that he has not assigned any rights being waived or released under this Agreement. The Parties warrant and represent to each other that they understand and agree to the terms contained in this Agreement and that someone translated the terms of this Agreement to each of the Parties prior to their execution of this Agreement.

3



12. Counterparts: This document may be executed in multiple parts, each of which shall be deemed an original and all such counterparts together shall constitute one and the same instrument. Facsimile and electronic mail signatures shall be deemed as effective as original signatures.

13. The parties agree that the sums paid to Former Employee under this Agreement from which no deductions have been taken are not considered wages but monetary consideration for the promises he makes in this Agreement and for his giving a limited release and the waiver and release of all claims in paragraph 2.

14. Except as otherwise provided in this Agreement, each party agrees to be responsible for its own attorney's fees and costs and not to seek any attorney's fees from the other party.

*Lewis White*             Date: 4-17-2019
Former Employee LEWIS WHITE

HONEST & TRUE MOVING CREW, LLC     Date: 4-19-2019
By: _____
Its:

4