UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEWIS WHITE,

    Plaintiff,

v.                                                    Case No: 2:18-cv-548-FtM-38UAM

HONEST & TRUE MOVING CREW, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on the parties' Renewed Joint Motion for Fairness Review and Dismissal with Prejudice (Doc. 37) filed on April 19, 2019. The parties are requesting that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case with prejudice. For the reasons explained below, the undersigned recommends that the parties' motion be **GRANTED**.

    To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented

to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The parties have agreed to settle this matter. Under the Settlement and Limited Release Agreement (Doc. 37-1), Plaintiff will receive $1,900.00 for wages and $1,900.00 for liquidated damages. (Doc. 37-1 p. 3). Plaintiff's counsel will receive $6,200.00 as compensation for attorney's fees and costs. (Doc. 37-1 p. 3). The parties provide that the attorney's fees and costs were negotiated and agreed upon separately from the amount Plaintiff is receiving. (Doc. 37 p. 2). The undersigned has reviewed the parties' Settlement and Limited Release (Doc. 37-1) and finds it to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMEDED:**

That the parties' Renewed Joint Motion for Fairness Review and Dismissal with Prejudice (Doc. 37) be **GRANTED** and the Settlement and Limited Release Agreement (Doc. 37-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends the Clerk be directed to dismiss this action with prejudice and close the file if the District Court adopts this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** in Chambers in Ft. Myers, Florida on May 3, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties